IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:                                        * | |
|                                   * | Civil Action No. 07cv-1288 |

IN RE:                                                 *
                                                       * Civil Action No. 07cv-1288
      ISIAH FOSKEY,                                    *
                          Debtor.                      * On Appeal from the
                                                       * United States Bankruptcy Court
_____                         * for the District of Columbia,
      Isiah Foskey,                                    * Bankruptcy Case No. 05-1417
                          Appellant,                   *
                                                       *
      v.                                               *
                                                       *
      PLUS PROPERTIES, LLC, ET. AL.,                   *
                          Appellees.                   *
                                                       *

**MOTION OF APPELLANT TO STAY SUBMISSION OF APPELLANT'S BRIEF OR TO HOLD APPEAL IN ABEYANCE PENDING RESOLUTION OF MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e)**

**Good Faith Certification of Counsel**

I hereby certify that on Thursday August 2, 2007 around 3:00 p.m., a member of my paralegal staff, contacted counsel for Appellee, PLUS PROPERTIES, LLC, to gain consent to the relief sought herein. Counsel did not consent to the filing of this Motion. I also attempted to contact counsel for the District of Columbia to seek his consent to the filing of this Motion. Counsel was out of town and a message was left on his voice mail pertaining to the relief sought herein.

**Motion of Appellant to Stay Submission of Appellant's Brief or to
Hold Appeal in Abeyance Pending Motion for Reconsideration**

COMES NOW DEBTOR/APPELLANT ISIAH FOSKEY ("Foskey or Debtor"), by and through counsel, Lucy R. Edwards, and respectfully moves this Court for an Order staying the briefing schedule in this matter or holding all submissions pertaining to this appeal in abeyance

pending resolution of Foskey's Motion for Reconsideration of the Order appealed from currently pending before the U.S. Bankruptcy Court for the District of Columbia. Debtor/Appellant refers this Court to the Memorandum of Points and Authorities below as grounds for this Motion.

WHEREFORE in light of the issues and arguments as fully set out in the Memorandum of Points and Authorities below, Foskey prays that this Court grant the instant Motion and stay or hold in abeyance all pleadings pertaining to this appeal pending resolution of the Motion for Reconsideration of the Order entered in the Bankruptcy Court on June 12, 2006 and filed pursuant to FRCP Rule 59(e).

Respectfully submitted,

/s/ [Lucy R. Edwards]
[Lucy R. Edwards, #197020]
3001 Georgia Ave NW
Washington, DC 20001
(202) 829-9601
lucyredwards@verizon.net

### CERTIFICATE OF SERVICE

I hereby certify that on this   2nd  day of   August,  2007 a copy of the foregoing Motion above and Memorandum of Points and Authorities below was mailed, first class postage prepaid to Carol S. Blumenthal, Esq., 1700 17th St., NW #301, Washington, DC 20009, Cynthia A Niklas, Esq., Chapter 13 Trustee, 4545 42nd St NW #211, Washington, DC 20016; and to Joseph Ferguson, Esq., Assistant Attorney General, One Judiciary Square, 441 4th Street NW #650N, Washington, DC 20001; and to Isiah Foskey, 1260 Holbrook Terrace, NE, Washington, DC 20002.

/s/ [Lucy R. Edwards]
[Lucy R. Edwards,]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | * |
| | * Civil Action No. 07 cv-1288 |
| ISIAH FOSKEY, | * |
| Debtor. | * On Appeal from the |
| | * United States Bankruptcy Court |
| | * for the District of Columbia, |
| Isiah Foskey, | * Bankruptcy Case No. 05-1417 |
| Appellant, | * |
| | * |
| v. | * |
| | * |
| PLUS PROPERTIES, LLC, ET. AL., | * |
| Appellees. | * |
| | * |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On June 12, 2007, the U.S. Bankruptcy Court entered an Order denying Foskey's Motion to Sell Real Estate (located at 3115 E Street, SE Washington, DC) Free and Clear of all Liens and granting Appellee, PLUS PROPERTIES, LLC's Motion to lift the Automatic Stay, under 11 U.S.C. §362 (a). Debtor/Appellant filed timely a Notice of Appeal from this Order on June 23, 2007. Foskey also filed a Motion for Reconsideration of the Order of June 12, 2007 in the U.S. Bankruptcy Court, within 10 days after entry of the Order wherein he seeks to have the decision altered or changed as to certain aspects. Pursuant to FRCP Rule 59(e), such a Motion is properly filed as a motion to amend or alter the judgment entered on 6/12/07 and affects the finality of the Order on appeal. (See copy of Motion attached hereto as Exhibit #1). To date, no ruling on the Motion for Reconsideration has been entered by the Bankruptcy Court.

On July 18, 2007, this Court entered its briefing schedule Order stating that Appellant's brief is to be filed within 15 days from entry of the Order. The final day for filing the brief; therefore, is

August 2, 2007.  Since a ruling on the Motion for Reconsideration under Rule 59 (e) is pending in the Bankruptcy Court and under this Rule, the Order of June 12, 2007 that is the subject of this appeal is not final, Foskey would request that this Court stay or hold in abeyance its briefing schedule pending the outcome of the Rule 59(e) Motion.

Debtor/Appellant would also request that the Court not dismiss his appeal in light of the pending motion in the Bankruptcy Court which affects the finality of the Order, in that Appellant has already paid the filing fee for the appeal and would suffer financial harm if he has to pay all over again to seek a new appeal once the decision on the Motion for Reconsideration is entered by the Bankruptcy Court.[1]  Pursuant to FRCP Rule 6(b) this Court may grant the relief sought herein for cause.  Foskey maintains that he has shown good cause for why this Court should grant the instant Motion.

                                              Respectfully submitted,

                                              /s/ [Lucy R. Edwards]
                                              [Lucy R. Edwards, #197020]

---

[1] Foskey filed his Motion for Reconsideration as a *pro se* litigant due to his counsel's status to practice law being challenged in the United States Court of Appeals for the DC Circuit. The Court of Appeals temporarily suspended counsel (for two days) pending her Affidavit certifying that she had been reinstated to the practice of law before the DC Court of Appeals following her suspension in a previous disciplinary matter that was concluded in July 2006.  Counsel has since then re-entered her appearance on behalf of Debtor/Appellant.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

CLERK
U.S. BANKRUPTCY
COURT FOR D.C.

2007 JUN 22 P 11: 59

RECEIVED

| | | |
|---|---|---|
| IN RE: | : | |
|    ISIAH FOSKEY, | : | Chapter 13 Case No. 05-1417 |
|                Debtor. | : | |
| | | |
| ISIAH FOSKEY, | : | |
|           Plaintiff, | : | |
| v. | : | Adversary Proceedings No._____ |
| | : | |
| PLUS PROPERTIES, LLC, ET. AL., | : | |
|                Defendants. | : | |

## DEBTOR'S MOTION FOR RECONSIDERATION
## OF ORDER ENTERED ON JUNE 12, 2007

COMES NOW DEBTOR ISIAH FOSKEY ("Debtor or Foskey") and respectfully moves this Court to reconsider and vacate its Order entered on June 12, 2007, denying Debtor's Motion for Authority to Sell Real Property Free and Clear of Liens, denying Plus Properties LLC's Motion for Relief from the Automatic Stay *Nunc Pro Tunc* as moot and deciding that Plus Properties, LLC did not violate the Automatic Stay in this case. Foskey refers the Court to the Memorandum of Points and Authorities below as grounds for this Motion.

WHEREFORE in light of the issues and arguments as fully set out in the Memorandum of Points and Authorities below, Foskey prays that this Court grant the instant Motion, vacate the Order entered on June 12, 2007, and permit Debtor to sell his real property located at 3115 E Street, SE, Washington, DC 20019 free and clear of all liens.

Respectfully submitted,

_____
Isiah Foskey
1260 Holbrook Terrace, NE
Washington, DC 20002
(202) 494-3195

EXHIBIT ___1___

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 22nd day of June, 2007, a copy of the foregoing Motion above and Memorandum of Points and Authorities below was mailed first-class, postage prepaid to:

Carol S. Blumenthal, Esquire
Blumenthal & Cordone
1700 17th St., NW #301
Christine@dkhlaw.com

Cynthia A. Niklas, Esquire
4545 42nd Street NW Suite 211
Washington, DC 20016-4623
cn13dc@cais.com

Joseph Ferguson, Esquire
Assistant Attorney General
One Judiciary Square
441 4th Street, NW #650N

Respectfully submitted,

_____
Isiah Foskey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | : | |
|     ISIAH FOSKEY, | : | Chapter 13  Case No. 05-1417 |
|                     Debtor. | : | |
| | : | |
| ISIAH FOSKEY, | : | |
|                   Plaintiff, | : | |
| v. | : | Adversary Proceedings No._____ |
| | : | |
| PLUS PROPERTIES, LLC, ET. AL., | : | |
|                   Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Order of this Court entered on June 12, 2007 stated that the automatic stay imposed under 11 U.S.C. § 362 (a) did not apply to Plus Properties, LLC by operation of the DC Superior Court's Order entered on July 20, 2005[1]. Specifically the Court stated in pertinent part:

> Based on the foregoing [oral findings of fact and conclusions of law] the Court finds that the Automatic Stay in this case was not violated by Plus Properties, LLC in making payment to the District of Columbia and receiving and recording a deed to the real property located at 3115 E Street, S.E. Washington, DC, known for purposes of assessment and taxation as Lot 0803 in Square 5450 ("Property"). The District of Columbia Superior Court had issued a final order foreclosing Isiah Foskey's right of redemption prior to the filing of the petition in this case; therefore, the Automatic Stay did not apply to the actions of Plus Properties, LLC in obtaining its deed. No further action of the D.C. Superior Court or Plus Properties, LLC is necessary to confirm the fee simple ownership of the Property in Plus Properties, LLC.

---

[1] Pursuant to D.C. Super Ct. Rule 59 and 60(b), the Order actually never took effect in that Foskey filed a timely Motion for Reconsideration of the Order entering a default judgment against him on August 1, 2005. Foskey filed another Motion for Reconsideration on September 16, 2005 based upon the Notice from the District indicating an error affecting the taxes wherein the District voided the tax certificate and cancelled the sale and all transactions based upon it. Debtor filed his Chapter 13 Bankruptcy Petition on September 20, 2005. In addition, default should never have been entered on July 20, 2005 since Foskey actually appeared in the Courtroom on that day.

The reasoning by the Bankruptcy Court here is erroneous and its decision should be reconsidered and vacated for at least three reasons. In the first instance, the Order is in direct violation of the provisions of the automatic stay under §362(a) which states;

> (1) the commencement or continuation of any judicial action against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate of a judgment retained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; . . .

The plain language of § 362 (a) is in direct conflict with the position of this Court in that once the bankruptcy petition was filed by Foskey, **all** efforts by Plus Properties and the District of Columbia to transfer title to the creditor and all efforts by Foskey to challenge the Order of the Superior Court extinguishing his rights in the Superior Court or the Appellate Court ceased by the imposition of the automatic stay.[2] Debtor maintains here that unless title to his property was already in the hands of Plus Properties by a deed conveyed to it by the District and/or said deed was recorded among the land records at the DC Recorder of Deeds prior to the filing of the Bankruptcy Petition invoking the imposition of the automatic stay, the Order entered by the DC Superior Court directing

---

[2] Plus Properties and the DC of Columbia erroneous argued that DC Code §47-1378 **Final Order** gave Plus Properties an Order which precluded the District and the Defendant/Debtor Foskey from redemption or any other action. They argued that the June 2001 changes in the law extinguished all rights of the owner and that what happened to Foskey was tantamount to a foreclosure prior to the filing of his Bankruptcy.

the District to issue a deed did not exclude Plus Properties from the imposition of the automatic stay. Thus, the District of Columbia violated the automatic stay by proceeding to issue a deed when a bankruptcy petition was in place and Plus Properties violated the automatic stay by illegally perfecting title by paying the tax lien without first coming to this Court and seeking its permission to lift the stay so that Foskey could minimally argue the merits of the improper amount of taxes listed by the District as delinquent which should have cancelled the tax sale under DC Code §47-1366 (2004 Supp.) prior to the District's issuance of a tax deed.

In the second instance, there is nothing in the Superior Court's Order entered on July 20, 2005 that overcomes the effects of the automatic stay. The Order constitutes a judgment and the automatic stay stops the perfection or enforcement of any judgment, even a judgment to perfect title to estate property. Foskey argues here that the mere entry of a judgment granting certain relief is not the same thing as perfecting a judgment. The effects of the judgment was stayed regardless of the language in the Superior Court's Order and neither Plus Properties nor the District were entitled to operate outside of the automatic stay to transfer Debtor's real property. These parties received notice of Foskey's Bankruptcy filing well in advance of their efforts to attempt transfer of title to the property. The third reason incorporates the first two reasons and is found in the language of the Order Section of the Judgment entered by the DC Superior Court on July 20, 2005. The Order of 7/20/05 at paragraph 4 states in pertinent part:

> ... The Deed shall be subject to: (I) a lien filed by the taxing agency under §47-1340(c) (2004 Supp.); (ii) the tenancy of a residential tenant, other than a tenant described in D.C. Code §47-1371 (b)(1)(c) and (d) (2004 Supp.); and (iii) easements of record and any other easement that may be observed by an inspection of the property.

Significant to this portion of the Order is D.C. Code §47-1382(4)(f) which provides in pertinent part:

5

> If the purchaser fails to pay to the Mayor the amount required under this section within 30 days of the final judgment, the final judgment may be vacated as void by the Superior Court on the motion of any party. If the purchaser does not record the deed in the Recorder of Deeds within 30 days of the execution of the deed, the final judgment may be vacated as void by the Superior Court on the motion of any party. If a final judgment is so vacated, the deed and certificate of sale are void and all money paid by the purchaser to the Mayor is forfeited except as provided in §47-1354(c).

The above section of the Order and the applicable section(s) of the DC Code make it clear that Plus Properties would not automatically receive a deed to the property in fee simple unless certain requirements were met to facilitate the recordation of the Deed and if those conditions were not met, the Debtor would retain his interests in the property. Foskey maintains that his original challenge to the validity of the amount of taxes owed, (as argued at trial), the letter of the DC Government issued on August 15, 2005 voiding the tax sale because of the error in the amount of back taxes and the fact that issuance of the Deed was subject to certain conditions outlined in paragraph 4-6 of the Superior Court's Order of 7/20/05 established his equitable interest in the property even if the Superior Court extinguished his right to redeem his back taxes. The Bankruptcy Court's reasoning that no further action of the DC Superior Court or Plus Properties, LLC is necessary to confirm the fee simple ownership of the Property in Plus Properties, LLC is simply incorrect. Plus Properties was required to take steps to perfect its title which was in violation of the §362(a)(1-5). In addition, if the creditor did not take these steps or if it did not comply with the provisions of DC Code §47(1382)(4)(f) (which it did not) the tax certificate was void.[3]

---

[3]

The record reflects that the amount of taxes owed on the property were paid by Plus Properties well after the 30 day time frame when the Order purportedly became final and the Deed was not recorded until after the time ran from the date of its execution by the Mayor.

It is fundamentally unfair for this Court to state in essence that the creditor was not bound by the provisions of the automatic stay to protect its title but Foskey was bound by the stay even though he had an equitable interest in the property after the Order purportedly extinguished his rights to redeem his property. The extinguishing of his rights was conditioned upon Plus Properties and the District's compliance with the applicable Rules.

The reasoning by the Court undermines the very types of circumstances that the provisions of the automatic stay were designed to protect. Minimally, this Court should have declared the Deed issued to Plus Properties as void by operation of §362(a); and lifted the stay for Foskey to sell the property free and clear of all liens and/or for the Debtor (and parties) to pursue his/their rights in the DC Superior Court and the Court of Appeals. This Court should reconsider and vacate its Order entered on June 12, 2007.

Reconsideration of the Order entered by this Court on June 12, 2007 should also be given by virtue of the Court's consideration of Plus Properties, LLC's Motion for Relief from the Automatic Stay *Nunc Pro Tunc* that was rejected by the Clerk of the Bankruptcy Court. The record reflects that the Clerk of the Bankruptcy Court sent a deficiency notice to Plus Properties on April 19, 2007 requiring it to correct the described deficiency by April 24, 2007. Plus Properties never corrected its deficiency. Thus, at the hearing on May 24, 2007, this Court erroneously entertained a Motion that was never filed in compliance with the Rules. Plus Properties never filed a claim under Bankruptcy Rule 341 although it was listed as a creditor and never filed a proper motion to lift the stay, nevertheless, this Court entertained a Motion that Foskey did not have the opportunity to file an objection to and the Court styled its Order to reflect that it was considering the Motion to Lift the Stay *Nunc Pro Tunc* as the primary issue. As a matter of record, Foskey maintains that the

Court should strike any ruling based upon its consideration of the Motion to lift the stay by Plus Properties that was never properly filed.

Respectfully submitted,

_____
Isiah Foskey

## NOTICE OF DEADLINE TO FILE AND SERVE OBJECTION TO MOTION.

PLEASE TAKE NOTICE THAT THE DEBTOR HAS FILED A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ENTERED ON JUNE 12TH, 2007. Any party wishing to file objections to the Motion must file and serve within 20 days in accordance with Local Bankruptcy Rule 9072-I, a written objection together with a proposed order, the objection and proposed order must be filed with the Clerk of the U.S. Bankruptcy Court, 333 Constitution Avenue, NW, 4th Floor, Washington, DC 20001 and served upon the undersigned at the address below.

**IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION FOR RECONSIDERATION OF THE ORDER ENTERED ON JUNE 12, 2007 MAY BE GRANTED BY THE COURT WITHOUT A HEARING. The court may grant the Motion for Reconsideration without a hearing if the objection filed states inadequate grounds for denial.**

Respectfully submitted,

_____
Isiah Foskey
1260 Holbrook Terrace, NE
Washington, DC 20002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Civil Action No. 07-1288 |
| ISIAH FOSKEY, | * | |
|        Debtor. | * | On Appeal from the |
| | * | United States Bankruptcy Court |
| | * | for the District of Columbia, |
| Isiah Foskey, | * | Bankruptcy Case No. 05-1417 |
|        Appellant, | * | |
| | * | |
| v. | * | |
| PLUS PROPERTIES, LLC, ET. AL., | * | |
|        Appellees. | * | |
| | * | |

## ORDER

Upon full consideration of Debtor/Appellant's Motion to Stay Submission of Appellant's Brief or to Hold Appeal in Abeyance Pending Motion for Reconsideration, the record herein and good cause having been shown, it is this ____ day _____, 2007,

ORDERED   that the Motion is granted, and it is further,

ORDERED  that the briefing schedule is stayed or held in abeyance pending further order of this Court.

 

                                                                             _____
                                                                              **Judge  J. Robertson, Jr.**

**cc:**

**Carol S. Blumenthal, Esq.**
**1700 17th St NW #301**
**Washington, DC 20009**

**Lucy R. Edwards, Esq.**
**3001 Georgia Ave NW**
**Washington, DC 20001**

**Joseph Ferguson, Esq.**
**Assistant Attorney General**
**One Judiciary Square**
**441 4th Street NW #650N**
**Washington, DC 20001**

**Isiah Foskey**
**1260 Holbrook Terrace, NE**
**Washington, DC 20002**

**Cynthia A Niklas, Esq.**
**Chapter 13 Trustee**
**4545 42nd St NW #211**
**Washington, DC 20016**

**END OF ORDER**