UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOSKEY, ISIAH, * <br> * <br> Appellant, * <br> * Civil Action No. 07-1288 (JR) <br> vs. * <br> * <br> PLUS PROPERTIES, LLC, ET. AL. * <br> * <br> Appellees. * | |

**APPELLANT'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER**

COMES NOW APPELLANT ISIAH FOSKEY ("Foskey"), by and through the undersigned counsel, and respectfully responds to the show cause Order entered by this Court on March 10, 2008 requiring that Foskey advise it no later than March 27, 2008 as to, " whether or not the Order of the Bankruptcy Court dated January 26, 2008 moots the instant appeal." Foskey argues as fully set out below that the Order of January 26, 2008 entered by the U.S. Bankruptcy Court denying in part and granting in part Debtor's Motion for Reconsideration does not moot out the appeal and that this Court should continue to hold the appeal in abeyance pending resolution of the court proceedings before the U.S. Bankruptcy Court.

The instant appeal grew out of the Bankruptcy Court's denial of Foskey's motion for Authority to Sell a property that he alleged was a part of his estate free and clear of all liens. The Bankruptcy Court entered an Order on June 12, 2007 inter alia denying the Motion for Authority to Sell, and determining that the creditor Plus Properties' Motion for Annulment of the Stay was denied as moot in that the property located at 3115 E Street, SE, Washington, D.C. was not a part of Foskey's estate. Foskey sought reconsideration of the Order of June 12, 2007 and in the Order

of January 26, 2008, the U.S. Bankruptcy Court denied Foskey's Motion for Authority to Sell the property but granted his Motion to the extent that the portion of the Order excepting the property from the Debtor's estate was reversed. Plus Properties again sought to have the stay lifted The Bankruptcy Court then set the matter as a court proceeding and trial is set for April 21, 2008, on the issue of the annulment of the automatic stay as to the property.

## ARGUMENT

Foskey maintains that the appeal should continue to be held in abeyance pending the court proceeding in the U.S. Bankruptcy Court and that it is not moot for two reasons. First the Bankruptcy Court only granted partial relief to Appellant in that it technically placed the property back into Appellant's estate; however, it denied the motion to sell the property. The Bankruptcy Court reinstated the automatic stay as to the property so that it could make a determination as to whether the property belonged to the estate of the Appellant or the Appellee, Plus Properties, in light of the redemption laws for real property taxes in the District of Columbia.

The denial of the relief sought by Foskey to sell the property and from which he noted the appeal still stands by the Bankruptcy Court; but the decision to be rendered by the Bankruptcy Judge on the issue of the annulment of the stay as to Plus Properties will obviously affect relief sought by Foskey to sell the property free and clear of all liens. The appeal is therefore not a moot issue at this stage and it should be held in abeyance.

The second reason is that refiling another appeal if the outcome of the instant proceedings before the U.S. Bankruptcy Court is adverse to Foskey constitutes a costly proposition. Foskey already pays a substantial sum of money into his Chapter 13 Plan every month and he has already paid the costs of filing the first notice of appeal. Refiling a new appeal and paying another fee after

the derived from the an order that would have the same issues would place an undue financial strain upon the Appellant.

WHEREFORE, in light of the above and having fully responded to this Court's Show Cause Order, Foskey prays that the U.S. District Court continue to hold the instant appeal in abeyance pending the latest court proceedings before the U.S. Bankruptcy Court.

Respectfully submitted,

/s/  Lucy R. Edwards
Lucy R. Edwards, Esq. [#197020]
Attorney for the Defendant
3001 Georgia Avenue, NW
Washington, D.C.  20001
(202) 829-9601
lucyredwards@verizon.net

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY THAT ON THIS   27th   day of March, 2008, a copy of the foregoing Response  was electronically filed to the following:

Carol S. Blumenthal, Esquire
Counsel for Plus Properties, LLC
Blumenthal & Cordone
1700 17th St., NW #301
Washington, DC 20009
Christine@dkhlaw.com

Joseph Ferguson, Esquire
Assistant Attorney General
1100 15th Street, NW, Suite 800
Washington, DC 20005
joseph,ferguson@dc.gov

David Fisher
Chief, Tax Bankruptcy
& Finance Section
1100 15th Street, NW, Suite 800

Washington, DC 20005
david.fisher@dc.gov

Cynthia A. Niklas, Esquire
4545 42nd Street NW Suite 211
Chapter 13 Bankruptcy Trustee
Washington, DC 20016-4623
cn13dc@cais.com

was mailed first class postage pre paid to:
Susan Foskey, co-owner
4500 Brooks Street, NE
Washington, DC 20019

/s/ [Lucy R. [Edwards]
Lucy R. Edwards